PuARSON, C. J.
 

 "We were at first inclined to the opinion that the bill was fatally defective, as being repugnant and inconsistent with itself on its face ; in this : it alleges that the assignment by the defendants, Kibbee aud Ball, was in fraud of their creditors, and “in fraud of the debts which they owe to your orators,” and then it alleges that the plaintiffs are entitled, as the assignees of three certain notes of Kibbee and Ball, to a part of the fund in the hands of Beid, which,
 
 *330
 
 by virtue of the assignment to him, he has collected and holds in trust for distribution among the creditors; thus, in one breath, assailing the assignment as fraudulent and
 
 void
 
 as to creditors, and in another, seeking to set up the assignment as valid, and under which the plaintiffs, and other creditors, are entitled to a dividend of the fund.
 

 Upon an examination of the whole bill, and particularly, the relief prayed for, we are of opinion that the allegation of fraud must be rejected as surplusage and impertinent — inserted by the draftsman of the bill, without intending to make it the ground of relief, and as merely expletive, and to be ascribed to the loose manner in which gentlemen of the bar will indulge themselves in framing equity pleadings, under the excuse of the pressure of business on the circuits, but which always embarrasses the Court, and frequently operates to the prejudice of clients. Stripped of surplusage, the bill sets out a plain equity, i. e., to have an account of the trust fund, and the dividend, to which the plaintiffs are entitled as assignees of the notes, mentioned in the bill, applied in payment of the judgment, which the defendant, Reid, has obtained against them at law, and, in the mean time, for an injunction, on the allegation that Reid is a non-resident, and if he collects the judgment, will take the fund beyond the reach of the Court; and the defendant, Reid, is interrogated particularly, and required to state the sum, to which the plaintiffs are entitled, as a dividend, in the distribution among the creditors of Kib-bee and Ball, and also to set out the names of the creditors.
 

 The answer is as obnoxious to the charge of “ looseness of statement” as the bill. It makes the impression that ICibbee and Ball are largely insolvent, and that the dividend, to which the plaintiffs are entitled, is very trilling, and, in fact, that they bought up the notes, which they hold, for little or nothing, with an intention to defeat a recovery at law, and, at all events, to embarrass the proceeding.
 

 It is certain that the plaintiffs are entitled, as the holders of the notes in question, to a dividend of the fund, be it large or small, and to have it applied as a payment on the judgment
 
 *331
 
 at law; and the answer is defective in not setting-out what the dividend or the “ per centage,” as it is termed, amounts to, and who are the creditors entitled to the fund.
 

 Under ordinary circumstancs, in consequence of this evasion in the answer, the plaintiffs would have been entitled to have the injunction continued until the hearing, but it is evident that as the bill now stands, the plaintiffs are not in a condition to bring the cause on for a hearing; for an account cannot be taken until all the creditors interested in the fund, are made parties. On this account, it was material that the answer should have set forth the names of the creditors; for although the fact of their not being named in the deed of assignment, made it proper to entertain the bill in the first instance, so as to enable the plaintiffs to get a discovery, it would then have been necessary to amend by making them parties; because, manifestly, there can be no decree for an account until all the parties, interested in the fund, are before the Court; so that they may be bound by the final decreee. If this were not so, there might be as many suits as there are •creditors, and a different balance struck in each.
 

 If the defendants had set out the dividend, or per centage, to which the notes, held by the plaintiffs, are entitled, according to the present state of the fund, the proper order would have been to dissolve the injunction, except for the amount stated, for which, of course, the plaintiffs would be entitled to a credit on the judgment. As the answer is evasive, in this respect, it was error to dissolve the injunction; for that Was permitting the defendant to take advantage of his own default; for it is certain the plaintiffs are entitled to some part of the fund, and cannot be made to forfeit it by a general recrimination to the charge of fraud, which the plaintiffs made against them,
 
 “
 
 that they went on to New York and purchased the notes for a mere “ trille,” and
 
 “
 
 must come into Court with clean hands,” &c.
 

 Upon the whole, this Court is of opinion that the decretal order, dissolving the injunction, should be reversed, and the exceptions to the answers allowed, so that upon the coming in of
 
 *332
 
 full answers, the plaintiffs may amend by making-the creditors parties. And although the amendment will supersede the ex parte injunction heretofore granted, yet, the plaintiffs may then move for an injunction upon the
 
 equity confessed'Y>y
 
 the answers, to wit, the amount of the dividend to which they are“ entitled. This will be certified.
 

 Pee CueiaM, Decretal order reversed..